McDONALD CARANO WILSON LLP
RYAN J. WORKS, NV Bar No. 9224
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
rworks@mcdonaldcarano.com

FOLEY & LARDNER LLP
Douglas E. Spelfogel, Esq. (pro hac vice pending)
Katherine R. Catanese, Esq. (admitted pro hac vice)
90 Park Avenue
New York, NY 10016-1314
Telephone: (212 682-7474
Facsimile: (212) 687-2329
kcatanese@foley.com
*Counsel for Receiver Robert W. Seiden, Esq.*

*Electronically Filed August 21, 2015*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>SINO CLEAN ENERGY, INC.,<br><br>Debtor. | Case No. 15-14261-btb<br><br>Chapter 11<br><br>**DECLARATION IN SUPPORT OF LIMITED OPPOSITION TO DEBTOR'S APPLICATION TO EMPLOY COUNSEL AND RESERVATION OF RIGHTS**<br><br>Hearing Date: September 1, 2015<br>Hearing Time: 1:30 p.m.<br><br>Hearing Location: U.S. Bankruptcy Court, Foley Federal Building, 300 Las Vegas Blvd. South, Courtroom 4 |

1.  I am the Court Appointed Receiver (the "Receiver"), for Sino Clean Energy Inc. ("SCEI") in the state court action (the "State Court Action") captioned *Recker et. al v. Sino Clean Energy Inc.,* case number CV14-00484, pending in the Second Judicial District Court for the State of Nevada in and for the County of Washoe (the "State Court").

2. This declaration is made of my personal knowledge and as to those matters I believe them to be true, and if called as a witness I could competently testify thereto.

3. This declaration is submitted in support of the *Limited Opposition To Debtor's Application To Employ Counsel and Reservation of Rights* (the "Opposition").

4. At a meeting that took place on March 5, 2015 with my representatives and the Debtor's former chairman, Baowen Ren, Ren admitted that he had changed the investor of Shaanxi from Tongchuan Suoke Clean Energy Co., Ltd. ("Tongchuan") into his personal name.

5. On December 14, 2014, I formally removed the board of directors of Tongchuan and a new board was appointed. A member of the shareholder group in the State Court Action, James Lawrence Sutter, was appointed to serve as the new chairman of Tongchuan. I caused a resolution to be passed to this effect (the "Resolution").

6. As the 100% owner of Shaanxi, only the new board of directors, and the new chairman of Tongchuan, James Lawrence Sutter, could have authorized the $125,000 payment to Proposed Counsel, but did not.

7. The Resolution specifically states that Shaanxi is "prohibited from transferring, encumbering or selling any property or assets legally held, owned or controlled in any manner other than in the normal course of business. *See* Exhibit A, ¶9, a true and accurate copy of which is attached. Therefore, payment of the $125,000 retainer is unauthorized both because the owners of Shaanxi did not authorize it, and also because the Resolution prohibits it.

8. I have read the Objection and can attest to the statements made therein.

9. I hereby certify and declare, that the attached documents and Exhibits are documents that have been kept and maintained in the normal course of business, subject to normal business practices, and that the originals of the records produced were made at or near the time of the acts, events and conditions recited therein, by or from information transmitted by a person with knowledge, in the course of a regularly-conducted activity of an agent, officer, employee, or person with knowledge, or of the office or institution in which the Declarant is engaged, and it is our regular practice to keep such documents in the course of the business.

The source, method, and circumstances of preparing these documents does not indicate a lack of trustworthiness.

SIGNED under penalty of perjury this 21st day of August, 2015.

By: _____
Robert W. Seiden, Esq.
As Receiver for Sino Clean Energy, Inc.

**Wiscon Holdings Limited**
5/F., Ho Lee Commercial Building,
38-44 D'Auguilar Street,
Central, Hong Kong
(the "Company")

Resolution in Writing of the Directors of the Company made on 11 December 2014 pursuant to Article 31(d) of the Articles of Association of the Company

**SHAREHOLDER DIRECTIONS**

**IT WAS NOTED** that:

1. Tongchuan Suoke Clean Energy Co., Ltd, a company incorporated in the PRC, is a direct subsidiary of the Company (the "Subsidiary"), which holds Dongguan Clean Energy Water Coal Mixture Co. Ltd., Shaanxi Suo'ang New Energy Enterprise Co., Ltd. and Shenyang Suo'ang Energy Co., Ltd, which were all incorporated in the PRC;

2. Mr Ren Baowen has caused the Subsidiary's underlying subsidiary, Shaanxi Suo'ang New Energy Enterprise Co., Ltd., to be transferred to his personal name. However the Company has not authorized and does not recognize this transfer and accordingly the said transfer was invalid and Shaanxi Suo'ang New Energy Enterprise Co., Ltd. is still considered as an underlying subsidiary of the Subsidiary.

3. Pursuant to Articles 15 and 16 of the Subsidiary's Articles of Association, the Subsidiary's shareholder, the Company, is the highest authority of the Subsidiary, and has full power and authority to make strategic decisions of the Subsidiary and may exercise all the powers set out therein, including the appointment and removal of the Subsidiary's directors;

4. Subject to Articles 21 and 22 of the Subsidiary's Articles of Association, the Company has full power and authority to appoint members to the Board of Directors of the Subsidiary and to appoint and change the Subsidiary's Chairman who shall also be the legal representative of the Subsidiary; and

5. Pursuant to Article 25 of the Subsidiary's Articles of Association, the Subsidiary's Board of Directors has the obligation to implement resolutions adopted by the Company as its sole shareholder.

**IT WAS RESOLVED** that the Company shall forthwith give the following instructions to the Subsidiary:

1. With immediate effect from the date hereof, Mr Ren Baowen (任宝文), Mr Zhou Peng (周鹏) and Mr Zhang Wenjie (张文杰) be removed from their position as directors of the Subsidiary and, for the avoidance of doubt, Mr Ren Baowen be also removed from his position as Chairman of the Board of Directors and also the legal representative, and these removed directors and Chairman shall forthwith cease all duties within the Subsidiary;

2. That Mr Gregg Graison, Ms Regina Goldfein, Mr James Lawrence Sutter be appointed with immediate effect from the date hereof as the directors of the Subsidiary;

3. That Mr James Lawrence Sutter be appointed as the Chairman of the Board of Directors and also the legal representative of the Subsidiary with immediate effect from the date hereof ;

4. That Mr James Edward Sturken be appointed as the General Manager of the Subsidiary with immediate effect from the date hereof ;

5. That Mr George Constantine Vlahos be appointed as the Superintendent of the Subsidiary with immediate effect from the date hereof ;

**Wiscon Holdings Limited**
5/F., Ho Lee Commercial Building,
38-44 D'Auguilar Street,
Central, Hong Kong
(the "Company")

6. That Mr Ren Baowen shall cease the use of all of the Subsidiary's official chops (including but not limited to the Subsidiary's company chop, financial chop, contract chop and the legal representative chop) immediately and shall immediately deliver all of these chops together with all original and duplicate copy certificates and licenses of the Subsidiary (including the Subsidiary's approval certificate and business license) to the Company or the Company's authorized representative without delay;

7. That Mr Ren Baowen shall immediately take all necessary steps, and provide all necessary assistance and documents as required by the Company and/or the Subsidiary to effect the change of the Subsidiary's legal representative and directors with the relevant authorities in China;

8. That Mr Ren Baowen shall promptly deliver up to the Company the audited accounts for the Subsidiary and its subsidiaries for each of the year ended 31 December 2012 and 31 December 2013 together with the latest unaudited accounts submitted to the tax authorities on a monthly basis from 1 January 2014;

9. The Subsidiary and its subsidiaries be prohibited from transferring, encumbering or selling any property or assets legally held, owned or controlled by the Subsidiary or any of its subsidiaries in any manner (other than selling inventory in the normal course of business);

10. The Subsidiary and its subsidiaries immediately refrains from filing any lawsuit or any legal papers in any jurisdiction without the prior written consent of the Company;

11. The Subsidiary and/or its subsidiaries immediately takes all requisite steps to declare and pay dividends through to the Company to the extent of its retained profits;

12. The Subsidiary shall immediately deliver to the Company any and all original books and records and financial materials such as bank records of the Subsidiary and its subsidiaries;

13. The Subsidiary and its subsidiaries must promptly notify all their customers to pay Sino Clean Energy Inc ("SCEI") directly and promptly provide copies of all such notification to the Company;

14. The Subsidiary and/or its subsidiaries shall forthwith give the above instructions as set out at Paragraphs 1 to 13, together with this instruction Paragraph 14, to its successive underlying subsidiaries where appropriate; and

15. The Subsidiary must promptly pay the sum of USD700,000 (US Dollars Seven Hundred Thousand) to the Company to meet the fees and expenses of the receivership of SCEI.

For and behalf of
KLC Corporate Advisory and Recovery Limited
*In its capacity as Director*

_____
LAU Wu Kwai King Lauren
Director

For and behalf of
Madison Director Services Limited
*In its capacity as Director*

_____
HOPKINS Gwynn
Director

_____
TOMSIC Lawrence William
Director

**Wiscon Holdings Limited**
5/F., Ho Lee Commercial Building,
38-44 D'Auguilar Street,
Central, Hong Kong
(the "Company")

6. That Mr Ren Baowen shall cease the use of all of the Subsidiary's official chops (including but not limited to the Subsidiary's company chop, financial chop, contract chop and the legal representative chop) immediately and shall immediately deliver all of these chops together with all original and duplicate copy certificates and licenses of the Subsidiary (including the Subsidiary's approval certificate and business license) to the Company or the Company's authorized representative without delay;

7. That Mr Ren Baowen shall immediately take all necessary steps, and provide all necessary assistance and documents as required by the Company and/or the Subsidiary to effect the change of the Subsidiary's legal representative and directors with the relevant authorities in China;

8. That Mr Ren Baowen shall promptly deliver up to the Company the audited accounts for the Subsidiary and its subsidiaries for each of the year ended 31 December 2012 and 31 December 2013 together with the latest unaudited accounts submitted to the tax authorities on a monthly basis from 1 January 2014;

9. The Subsidiary and its subsidiaries be prohibited from transferring, encumbering or selling any property or assets legally held, owned or controlled by the Subsidiary or any of its subsidiaries in any manner (other than selling inventory in the normal course of business);

10. The Subsidiary and its subsidiaries immediately refrains from filing any lawsuit or any legal papers in any jurisdiction without the prior written consent of the Company;

11. The Subsidiary and/or its subsidiaries immediately takes all requisite steps to declare and pay dividends through to the Company to the extent of its retained profits;

12. The Subsidiary shall immediately deliver to the Company any and all original books and records and financial materials such as bank records of the Subsidiary and its subsidiaries;

13. The Subsidiary and its subsidiaries must promptly notify all their customers to pay Sino Clean Energy Inc ("SCEI") directly and promptly provide copies of all such notification to the Company;

14. The Subsidiary and/or its subsidiaries shall forthwith give the above instructions as set out at Paragraphs 1 to 13, together with this instruction Paragraph 14, to its successive underlying subsidiaries where appropriate; and

15. The Subsidiary must promptly pay the sum of USD700,000 (US Dollars Seven Hundred Thousand) to the Company to meet the fees and expenses of the receivership of SCEI.

For and behalf of
KLC Corporate Advisory and Recovery Limited
*In its capacity as Director*

For and behalf of
Madison Director Services Limited
*In its capacity as Director*

_____
LAU Wu Kwai King Lauren
Director

_____
HOPKINS Gwynn
Director

_____
TOMSIC Lawrence William
Director

**Wiscon Holdings Limited**
5/F., Ho Lee Commercial Building,
38-44 D'Auguilar Street,
Central, Hong Kong
(the "Company")

6. That Mr Ren Baowen shall cease the use of all of the Subsidiary's official chops (including but not limited to the Subsidiary's company chop, financial chop, contract chop and the legal representative chop) immediately and shall immediately deliver all of these chops together with all original and duplicate copy certificates and licenses of the Subsidiary (including the Subsidiary's approval certificate and business license) to the Company or the Company's authorized representative without delay;

7. That Mr Ren Baowen shall immediately take all necessary steps, and provide all necessary assistance and documents as required by the Company and/or the Subsidiary to effect the change of the Subsidiary's legal representative and directors with the relevant authorities in China;

8. That Mr Ren Baowen shall promptly deliver up to the Company the audited accounts for the Subsidiary and its subsidiaries for each of the year ended 31 December 2012 and 31 December 2013 together with the latest unaudited accounts submitted to the tax authorities on a monthly basis from 1 January 2014;

9. The Subsidiary and its subsidiaries be prohibited from transferring, encumbering or selling any property or assets legally held, owned or controlled by the Subsidiary or any of its subsidiaries in any manner (other than selling inventory in the normal course of business);

10. The Subsidiary and its subsidiaries immediately refrains from filing any lawsuit or any legal papers in any jurisdiction without the prior written consent of the Company;

11. The Subsidiary and/or its subsidiaries immediately takes all requisite steps to declare and pay dividends through to the Company to the extent of its retained profits;

12. The Subsidiary shall immediately deliver to the Company any and all original books and records and financial materials such as bank records of the Subsidiary and its subsidiaries;

13. The Subsidiary and its subsidiaries must promptly notify all their customers to pay Sino Clean Energy Inc ("SCEI") directly and promptly provide copies of all such notification to the Company;

14. The Subsidiary and/or its subsidiaries shall forthwith give the above instructions as set out at Paragraphs 1 to 13, together with this instruction Paragraph 14, to its successive underlying subsidiaries where appropriate; and

15. The Subsidiary must promptly pay the sum of USD700,000 (US Dollars Seven Hundred Thousand) to the Company to meet the fees and expenses of the receivership of SCEI.

For and behalf of
KLC Corporate Advisory and Recovery Limited
*In its capacity as Director*

For and behalf of
Madison Director Services Limited
*In its capacity as Director*

_____
LAU Wu Kwai King Lauren
Director

_____
HOPKINS Gwynn
Director

_____
TOMSIC Lawrence William
Director

December 11, 2014

**Wiscon Holdings Limited**
5/F., Ho Lee Commercial Building,
38-44 D'Auguilar Street,
Central, Hong Kong
(the "Company")

Resolution in Writing of the Directors of the Company made on 11 December 2014 pursuant to Article 31(d) of the Articles of Association of the Company

**SHAREHOLDER DIRECTIONS**

**IT WAS NOTED** that:

1. Tongchuan Suoke Clean Energy Co., Ltd, a company incorporated in the PRC, is a direct subsidiary of the Company (the "Subsidiary"), which holds Dongguan Clean Energy Water Coal Mixture Co. Ltd., Shaanxi Suo'ang New Energy Enterprise Co., Ltd. and Shenyang Suo'ang Energy Co., Ltd, which were all incorporated in the PRC;

2. Mr Ren Baowen has caused the Subsidiary's underlying subsidiary, Shaanxi Suo'ang New Energy Enterprise Co., Ltd., to be transferred to his personal name. However the Company has not authorized and does not recognize this transfer and accordingly the said transfer was invalid and Shaanxi Suo'ang New Energy Enterprise Co., Ltd. is still considered as an underlying subsidiary of the Subsidiary.

3. Pursuant to Articles 15 and 16 of the Subsidiary's Articles of Association, the Subsidiary's shareholder, the Company, is the highest authority of the Subsidiary, and has full power and authority to make strategic decisions of the Subsidiary and may exercise all the powers set out therein, including the appointment and removal of the Subsidiary's directors;

4. Subject to Articles 21 and 22 of the Subsidiary's Articles of Association, the Company has full power and authority to appoint members to the Board of Directors of the Subsidiary and to appoint and change the Subsidiary's Chairman who shall also be the legal representative of the Subsidiary; and

5. Pursuant to Article 25 of the Subsidiary's Articles of Association, the Subsidiary's Board of Directors has the obligation to implement resolutions adopted by the Company as its sole shareholder.

**IT WAS RESOLVED** that the Company shall forthwith give the following instructions to the Subsidiary:

1. With immediate effect from the date hereof, Mr Ren Baowen (任宝文), Mr Zhou Peng (周鹏) and Mr Zhang Wenjie (张文杰) be removed from their position as directors of the Subsidiary and, for the avoidance of doubt, Mr Ren Baowen be also removed from his position as Chairman of the Board of Directors and also the legal representative, and these removed directors and Chairman shall forthwith cease all duties within the Subsidiary;

2. That Mr Gregg Graison, Ms Regina Goldfein, Mr James Lawrence Sutter be appointed with immediate effect from the date hereof as the directors of the Subsidiary;

3. That Mr James Lawrence Sutter be appointed as the Chairman of the Board of Directors and also the legal representative of the Subsidiary with immediate effect from the date hereof ;

4. That Mr James Edward Sturken be appointed as the General Manager of the Subsidiary with immediate effect from the date hereof ;

5. That Mr George Constantine Vlahos be appointed as the Superintendent of the Subsidiary with immediate effect from the date hereof ;

**Wiscon Holdings Limited**
5/F., Ho Lee Commercial Building,
38-44 D'Auguilar Street,
Central, Hong Kong
(the "Company")

6. That Mr Ren Baowen shall cease the use of all of the Subsidiary's official chops (including but not limited to the Subsidiary's company chop, financial chop, contract chop and the legal representative chop) immediately and shall immediately deliver all of these chops together with all original and duplicate copy certificates and licenses of the Subsidiary (including the Subsidiary's approval certificate and business license) to the Company or the Company's authorized representative without delay;

7. That Mr Ren Baowen shall immediately take all necessary steps, and provide all necessary assistance and documents as required by the Company and/or the Subsidiary to effect the change of the Subsidiary's legal representative and directors with the relevant authorities in China;

8. That Mr Ren Baowen shall promptly deliver up to the Company the audited accounts for the Subsidiary and its subsidiaries for each of the year ended 31 December 2012 and 31 December 2013 together with the latest unaudited accounts submitted to the tax authorities on a monthly basis from 1 January 2014;

9. The Subsidiary and its subsidiaries be prohibited from transferring, encumbering or selling any property or assets legally held, owned or controlled by the Subsidiary or any of its subsidiaries in any manner (other than selling inventory in the normal course of business);

10. The Subsidiary and its subsidiaries immediately refrains from filing any lawsuit or any legal papers in any jurisdiction without the prior written consent of the Company;

11. The Subsidiary and/or its subsidiaries immediately takes all requisite steps to declare and pay dividends through to the Company to the extent of its retained profits;

12. The Subsidiary shall immediately deliver to the Company any and all original books and records and financial materials such as bank records of the Subsidiary and its subsidiaries;

13. The Subsidiary and its subsidiaries must promptly notify all their customers to pay Sino Clean Energy Inc ("SCEI") directly and promptly provide copies of all such notification to the Company;

14. The Subsidiary and/or its subsidiaries shall forthwith give the above instructions as set out at Paragraphs 1 to 13, together with this instruction Paragraph 14, to its successive underlying subsidiaries where appropriate; and

15. The Subsidiary must promptly pay the sum of USD700,000 (US Dollars Seven Hundred Thousand) to the Company to meet the fees and expenses of the receivership of SCEI.

For and behalf of
KLC Corporate Advisory and Recovery Limited
*In its capacity as Director*

For and behalf of
Madison Director Services Limited
*In its capacity as Director*

_____
LAU Wu Kwai King Lauren
Director

_____
HOPKINS Gwynn
Director

_____
TOMSIC Lawrence William
Director

**Wiscon Holdings Limited**
5/F., Ho Lee Commercial Building,
38-44 D'Auguilar Street,
Central, Hong Kong
(the "Company")

6. That Mr Ren Baowen shall cease the use of all of the Subsidiary's official chops (including but not limited to the Subsidiary's company chop, financial chop, contract chop and the legal representative chop) immediately and shall immediately deliver all of these chops together with all original and duplicate copy certificates and licenses of the Subsidiary (including the Subsidiary's approval certificate and business license) to the Company or the Company's authorized representative without delay;

7. That Mr Ren Baowen shall immediately take all necessary steps, and provide all necessary assistance and documents as required by the Company and/or the Subsidiary to effect the change of the Subsidiary's legal representative and directors with the relevant authorities in China;

8. That Mr Ren Baowen shall promptly deliver up to the Company the audited accounts for the Subsidiary and its subsidiaries for each of the year ended 31 December 2012 and 31 December 2013 together with the latest unaudited accounts submitted to the tax authorities on a monthly basis from 1 January 2014;

9. The Subsidiary and its subsidiaries be prohibited from transferring, encumbering or selling any property or assets legally held, owned or controlled by the Subsidiary or any of its subsidiaries in any manner (other than selling inventory in the normal course of business);

10. The Subsidiary and its subsidiaries immediately refrains from filing any lawsuit or any legal papers in any jurisdiction without the prior written consent of the Company;

11. The Subsidiary and/or its subsidiaries immediately takes all requisite steps to declare and pay dividends through to the Company to the extent of its retained profits;

12. The Subsidiary shall immediately deliver to the Company any and all original books and records and financial materials such as bank records of the Subsidiary and its subsidiaries;

13. The Subsidiary and its subsidiaries must promptly notify all their customers to pay Sino Clean Energy Inc ("SCEI") directly and promptly provide copies of all such notification to the Company;

14. The Subsidiary and/or its subsidiaries shall forthwith give the above instructions as set out at Paragraphs 1 to 13, together with this instruction Paragraph 14, to its successive underlying subsidiaries where appropriate; and

15. The Subsidiary must promptly pay the sum of USD700,000 (US Dollars Seven Hundred Thousand) to the Company to meet the fees and expenses of the receivership of SCEI.

For and behalf of
KLC Corporate Advisory and Recovery Limited
*In its capacity as Director*

For and behalf of
Madison Director Services Limited
*In its capacity as Director*

_____
LAU Wu Kwai King Lauren
Director

_____
HOPKINS Gwynn
Director

_____
TOMSIC Lawrence William
Director

**Wiscon Holdings Limited**
5/F., Ho Lee Commercial Building,
38-44 D'Auguilar Street,
Central, Hong Kong
(the "Company")

6. That Mr Ren Baowen shall cease the use of all of the Subsidiary's official chops (including but not limited to the Subsidiary's company chop, financial chop, contract chop and the legal representative chop) immediately and shall immediately deliver all of these chops together with all original and duplicate copy certificates and licenses of the Subsidiary (including the Subsidiary's approval certificate and business license) to the Company or the Company's authorized representative without delay;

7. That Mr Ren Baowen shall immediately take all necessary steps, and provide all necessary assistance and documents as required by the Company and/or the Subsidiary to effect the change of the Subsidiary's legal representative and directors with the relevant authorities in China;

8. That Mr Ren Baowen shall promptly deliver up to the Company the audited accounts for the Subsidiary and its subsidiaries for each of the year ended 31 December 2012 and 31 December 2013 together with the latest unaudited accounts submitted to the tax authorities on a monthly basis from 1 January 2014;

9. The Subsidiary and its subsidiaries be prohibited from transferring, encumbering or selling any property or assets legally held, owned or controlled by the Subsidiary or any of its subsidiaries in any manner (other than selling inventory in the normal course of business);

10. The Subsidiary and its subsidiaries immediately refrains from filing any lawsuit or any legal papers in any jurisdiction without the prior written consent of the Company;

11. The Subsidiary and/or its subsidiaries immediately takes all requisite steps to declare and pay dividends through to the Company to the extent of its retained profits;

12. The Subsidiary shall immediately deliver to the Company any and all original books and records and financial materials such as bank records of the Subsidiary and its subsidiaries;

13. The Subsidiary and its subsidiaries must promptly notify all their customers to pay Sino Clean Energy Inc ("SCEI") directly and promptly provide copies of all such notification to the Company;

14. The Subsidiary and/or its subsidiaries shall forthwith give the above instructions as set out at Paragraphs 1 to 13, together with this instruction Paragraph 14, to its successive underlying subsidiaries where appropriate; and

15. The Subsidiary must promptly pay the sum of USD700,000 (US Dollars Seven Hundred Thousand) to the Company to meet the fees and expenses of the receivership of SCEI.

For and behalf of
KLC Corporate Advisory and Recovery Limited
*In its capacity as Director*

For and behalf of
Madison Director Services Limited
*In its capacity as Director*

_____
LAU Wu Kwai King Lauren
Director

_____
HOPKINS Gwynn
Director

TOMSIC Lawrence William
Director

December 11, 2014

**Wiscon Holdings Limited**
5/F., Ho Lee Commercial Building,
38-44 D'Auguilar Street,
Central, Hong Kong
(the "Company")

Resolution in Writing of the Directors of the Company made on 26 February 2015 pursuant to Article 31(d) of the Articles of Association of the Company

**SHAREHOLDER DIRECTIONS**

IT WAS NOTED that:

1. Tongchuan Suoke Clean Energy Co., Ltd, a company incorporated in the PRC, is a direct subsidiary of the Company (the "Subsidiary"), which holds Dongguan Clean Energy Water Coal Mixture Co. Ltd., Shaanxi Suo'ang New Energy Enterprise Co., Ltd. and Shenyang Suo'ang Energy Co., Ltd, which were all incorporated in the PRC;

2. Pursuant to Articles 15 and 16 of the Subsidiary's Articles of Association, the Subsidiary's shareholder, the Company, is the highest authority of the Subsidiary, and has full power and authority to make strategic decisions of the Subsidiary and may exercise all the powers set out therein, including the appointment and replacement of the Subsidiary's Directors and Superintendent;. and

3. Pursuant to Article 25 of the Subsidiary's Articles of Association, the Subsidiary's Board of Directors has the obligation to implement resolutions adopted by the Company as its sole shareholder.

IT WAS RESOLVED:

1. THAT Mr James Edward Sturken be appointed in place of Mr George Constantine Vlahos as the Superintendent of the Subsidiary with immediate effect from the date hereof;

2. THAT Mr Stephen Markscheid be appointed in place of Mr James Edward Sturken as the General Manager of the Subsidiary with immediate effect from the date hereof; and

3. THAT the Company shall forthwith notify the Subsidiary's Board of Directors of such resolutions and the implementation of the same accordingly.

For and behalf of
KLC Corporate Advisory and Recovery Limited
*In its capacity as Director*

For and behalf of
Madison Director Services Limited
*In its capacity as Director*

_____
LAU Wu Kwai King Lauren
Director

_____
HOPKINS Gwynn
Director

_____
TOMSIC Lawrence William
Director

Scanned by CamScanner

**Wiscon Holdings Limited**
5/F., Ho Lee Commercial Building,
38-44 D'Auguilar Street,
Central, Hong Kong
(the "Company")

Resolution in Writing of the Directors of the Company made on 26 February 2015 pursuant to Article 31(d) of the Articles of Association of the Company

**SHAREHOLDER DIRECTIONS**

**IT WAS NOTED** that:

1. Tongchuan Suoke Clean Energy Co., Ltd, a company incorporated in the PRC, is a direct subsidiary of the Company (the "Subsidiary"), which holds Dongguan Clean Energy Water Coal Mixture Co. Ltd., Shaanxi Suo'ang New Energy Enterprise Co., Ltd. and Shenyang Suo'ang Energy Co., Ltd, which were all incorporated in the PRC;

2. Pursuant to Articles 15 and 16 of the Subsidiary's Articles of Association, the Subsidiary's shareholder, the Company, is the highest authority of the Subsidiary, and has full power and authority to make strategic decisions of the Subsidiary and may exercise all the powers set out therein, including the appointment and replacement of the Subsidiary's Directors and Superintendent;. and

3. Pursuant to Article 25 of the Subsidiary's Articles of Association, the Subsidiary's Board of Directors has the obligation to implement resolutions adopted by the Company as its sole shareholder.

**IT WAS RESOLVED:**

1. THAT Mr James Edward Sturken be appointed in place of Mr George Constantine Vlahos as the Superintendent of the Subsidiary with immediate effect from the date hereof;

2. THAT Mr Stephen Markscheid be appointed in place of Mr James Edward Sturken as the General Manager of the Subsidiary with immediate effect from the date hereof; and

3. THAT the Company shall forthwith notify the Subsidiary's Board of Directors of such resolutions and the implementation of the same accordingly.

For and behalf of
KLC Corporate Advisory and Recovery Limited
*In its capacity as Director*

For and behalf of
Madison Director Services Limited
*In its capacity as Director*

_____
LAU Wu Kwai King Lauren
Director

_____
HOPKINS Gwynn
Director

_____
TOMSIC Lawrence William
Director

**Wiscon Holdings Limited**
5/F., Ho Lee Commercial Building,
38-44 D'Auguilar Street,
Central, Hong Kong
(the "Company")

Resolution in Writing of the Directors of the Company made on 26 February 2015 pursuant to Article 31(d) of the Articles of Association of the Company

### SHAREHOLDER DIRECTIONS

**IT WAS NOTED** that:

1. Tongchuan Suoke Clean Energy Co., Ltd, a company incorporated in the PRC, is a direct subsidiary of the Company (the "Subsidiary"), which holds Dongguan Clean Energy Water Coal Mixture Co. Ltd., Shaanxi Suo'ang New Energy Enterprise Co., Ltd. and Shenyang Suo'ang Energy Co., Ltd, which were all incorporated in the PRC;

2. Pursuant to Articles 15 and 16 of the Subsidiary's Articles of Association, the Subsidiary's shareholder, the Company, is the highest authority of the Subsidiary, and has full power and authority to make strategic decisions of the Subsidiary and may exercise all the powers set out therein, including the appointment and replacement of the Subsidiary's Directors and Superintendent;. and

3. Pursuant to Article 25 of the Subsidiary's Articles of Association, the Subsidiary's Board of Directors has the obligation to implement resolutions adopted by the Company as its sole shareholder.

**IT WAS RESOLVED**:

1. THAT Mr James Edward Sturken be appointed in place of Mr George Constantine Vlahos as the Superintendent of the Subsidiary with immediate effect from the date hereof;

2. THAT Mr Stephen Markscheid be appointed in place of Mr James Edward Sturken as the General Manager of the Subsidiary with immediate effect from the date hereof; and

3. THAT the Company shall forthwith notify the Subsidiary's Board of Directors of such resolutions and the implementation of the same accordingly.

For and behalf of
KLC Corporate Advisory and Recovery Limited
*In its capacity as Director*

For and behalf of
Madison Director Services Limited
*In its capacity as Director*

LAU Wu Kwai King Lauren
Director

HOPKINS Gwynn
Director

TOMSIC Lawrence William
Director